IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DOYLE DYER                                                                        PLAINTIFF

v.                              Civil No. 12-2259

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Doyle Dyer, brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a decision of the Commissioner of Social Security Administration (Commissioner) denying

his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act

(hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the

court must determine whether there is substantial evidence in the administrative record to

support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff filed his DIB application on April 12, 2010, alleging an onset date of August 31,

2009, due to bipolar disorder, manic depression, back and neck pain, and schizophrenia.  Tr. 10,

22, 35, 121-129, 165, 191-192, 213-214.  The Commissioner denied Plaintiff's applications

initially and on reconsideration.  Tr. 10, 74-78, 82-84.  An administrative hearing was held on

June 23, 2011.  Tr. 29-73.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 45years old and possessed a  high school education with some special education classes.   Tr. 22, 32-33.   He has past relevant work ("PRW") experience as a supervisor and tool repairman.  Tr. 22, 37-38, 152, 183-190.

On August 2, 2011, the ALJ found Plaintiff's back disorder and mood disorder to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 12-14.  The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work

> except occasional climbing, balancing, crawling, kneeling, stooping, and crouching.  The claimant is also limited to work where interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment involved.  Supervision required is simple, direct and concrete.  The claimant is also limited to minimal contact with general public, co-workers and supervisors.

Tr. 14.  With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as an assembly worker and clerical worker.  Tr. 23.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 31, 2012.  Tr. 1-5.  Subsequently, Plaintiff filed this action.  ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision.   ECF Nos. 8, 9.

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   <u>Applicable Law</u>:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III. **Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And, while the issue is not the existence of pain, the issue is whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The evidence reveals that Plaintiff suffered from cervical and lumbar disk disease with spinal stenosis and radiculopathy. These diagnoses are bolstered by both physical examination findings and MRI results. In October 2009, Dr. Thomas Cheyne noted decreased sensation in Plaintiff's right arm from his shoulder to his elbow. Tr. 348-349. In 2010, Dr. Cheyne opined

that a disk protrusion at the C5-6 level was the source of Plaintiff's cervical pain and radiculopathy. Tr. 345. Reduced grip strength was also noted, as well as tenderness along the right trapezius muscle and anterior portion of the shoulder. In December 2010, after examining Plaintiff on two occasions, Dr. Donna Beallis completed an RFC assessment concluding that Plaintiff could reach in all directions, handle, finger, grip, and feel for less than two hours during an eight-hour workday. Tr. 416-418. Similarly, Dr. Anthony Capocelli limited Plaintiff to reaching in all directions and feeling for a total of two hours per 8-hour workday, and handling, fingering, and gripping for six hours. Tr. 445-447.

The ALJ dismissed Dr. Capocelli's opinion, stating that it was not supported by Dr. Capocelli's treatment notes or the longitudinal medial evidence, specifically citing Drs. Cheyne and Fisher. However, as noted above, Dr. Cheyne documented decreased sensation in Plaintiff's right arm, and Dr. Beallis noted a decreased grip strength in the right hand. Further, Dr. Robert Fisher only provided Plaintiff with lumbar epidural steroid injections and lumbar facet joint injections, which were of very limited assistance in treating his pain. Tr. 344, 421, 424, 436, 480.

The ALJ also assigned "little" weight to Dr. Beallis's opinion, stating that it was not consistent with the longitudinal medical records or Plaintiff's reported activities of daily living. Again, the medical evidence reveals that Plaintiff suffered from mild facet arthropathy at multiple levels in the lumbar spine, a moderate sized focal disk protrusion at the C5-6 level worse on the right with possible cord compression, mild spondylitic spurring diffusely at the C6-7 level also worse on the right with mild right foraminal stenosis, and mild spurring and disk protrusion laterally on the left at the C3-4 level with left foraminal stenosis. Tr. 346, 347. And,

5

the evidence concerning his daily activities reveals that he is able to care for his personal hygiene, prepare simple meals and perform some household chores.   Tr. 193-200. There are, however, no daily activities that call into question his ability to use his right arm and hand. Accordingly, we find that the evidence does raise a genuine question as to Plaintiff's ability to use his right arm and hand to consistently perform work-related activities over the course of an eight-hour workday, including reaching, handling, feeling, and fingering.  And, a review of the jobs identified by the vocational expert as jobs Plaintiff would remain capable of performing reveals that each requires at least frequent handling and fingering.  Therefore, we find remand is necessary to allow the ALJ to develop the record with regard to Plaintiff's right hand and arm limitations.  Because the record does not contain an RFC assessment from Drs. Cheyne and Fisher, rather than making assumptions not supported by the record, the ALJ is directed to obtain assessments from both doctors, to include opinions regarding Plaintiff's ability to use his right hand and arm to perform work-related tasks.  If the ALJ is unable to obtain assessments from these doctors, then he is directed to order a consultative orthopedic evaluation to include a complete RFC assessment, again, including specific recommendations regarding Plaintiff's right hand and arm.

IV.    **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and recommend that the case be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). .  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may**

6

**result in waiver of the right to appeal questions of fact.  The parties are reminded that**

**objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>23rd</u> day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7